# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Ellison,**
**Respondent Below, Petitioner**

vs) **No. 14-0344** (Kanawha 13-AA-144)

**Fayette County Board of Education, and the**
**West Virginia Department of Education,**
**Petitioners Below, Respondents**

**FILED**

August 31, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner David Ellison, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's March 10, 2014, order reversing the decision of the West Virginia Public Employee Grievance Board granting his grievance against respondents Fayette County Board of Education and the West Virginia Department of Education. Respondents, by counsel Rebecca M. Tinder and Kelli D. Talbott, filed a joint response in support of the circuit court's order. On appeal, petitioner asserts that the circuit court erred in determining (1) whether a "rational nexus" existed in this matter was a legal question, as opposed to a factual question, which permitted the application of a different standard of review for the circuit court, and (2) that there was a rational nexus between petitioner's conduct and his employment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, Fayette County Sheriff's deputies arrested petitioner for petit larceny for the taking and carrying away of $986.45 worth of items, including a fifty-inch television, a massager, and a bag of cookies, from a Wal-Mart store in Fayette County, West Virginia. Petitioner told the authorities at the time of his arrest that a person in the Wal-Mart parking lot had a receipt for those items, and petitioner agreed to retrieve those items from the store for this person. Petitioner pled guilty to that charge in February of 2012. Although he was on temporary leave at the time of his arrest, petitioner worked for the Fayette County Board of Education as a bus operator.

In June of 2012, Fayette County's superintendent of schools sent petitioner a letter stating his intention to suspend petitioner without pay and recommend termination due to the Wal-Mart incident and two prior incidents of misconduct wherein petitioner drove his school bus across a lawn and falsified a timesheet. Petitioner requested a hearing with the West Virginia Department of Education ("DOE") to challenge the county superintendent's decision. Following a

1

disciplinary hearing with the DOE, the state superintendent ratified the suspension without pay and recommended termination.

Thereafter, petitioner filed a level three grievance with the West Virginia Public Employees Grievance Board. Petitioner alleged that no "rational nexus" existed between his crime at Wal-Mart and his employment, and he requested re-instatement to employment, back wages and benefits, prior work seniority, and interest on all monetary sums. Between March and July of 2013, a Grievance Board administrative law judge ("ALJ") held a two-day evidentiary hearing.[1] Throughout the two-day hearing, the ALJ heard testimony from several witnesses about petitioner's crime at Wal-Mart in November of 2011 and his prior disciplinary history in December of 2007 for falsifying a timesheet and in October of 2011 for driving his school bus across a lawn. The ALJ also heard testimony that school bus operators keep school buses at all times, even at night; that school buses contain removable equipment and tools; that petitioner had access through his employment to a maintenance facility that housed various equipment and tools; and that petitioner had previously been accused of stealing a torque wrench, although no formal disciplinary action had followed. Witnesses also testified that the county school board knew of the Wal-Mart incident in December of 2011, but, thereafter, school administrators discussed returning petitioner to "light duty" employment.

In his defense, petitioner testified that he admitted to the Wal-Mart incident and acknowledged his prior misconduct. However, he claimed that he committed larceny at Wal-Mart only because he had a negative reaction to new pain medication prescribed to him for a work-related back injury.[2] Petitioner also testified that he drove a vehicle while impaired to and from the Wal-Mart on the night of the incident. Ultimately, the ALJ granted petitioner's grievance on the grounds that Respondent Fayette County Board of Education failed to meet its burden to prove that there was a "rational nexus" between petitioner's criminal conduct at Wal-Mart in November of 2011 and his employment as a bus operator. Further, the ALJ found that petitioner's prior incidents of discipline had no bearing on the decision.

Respondents appealed the ALJ's decision to the Circuit Court of Kanawha County. The circuit court reversed the ALJ's decision and denied petitioner's grievance. The circuit court found that the ALJ was clearly wrong in failing to make certain findings of fact based on the evidence before it and erred in concluding that no rational nexus existed between petitioner's behavior and his ability to carry out his duties as a school employee. As explained in its final order, the circuit court determined that petitioner demonstrated actions of

> simply doing what he wants, when he wants as evidenced by his actions leading to his two prior disciplinary actions, and his conduct and conviction for stealing, evidences his lack of restraint, loss of self-control[,] and excessive and ungoverned behavior, as well as a pattern thereof, both on and off-duty, thereby

---

[1]The first day of the evidentiary hearing was held in March of 2013, but the second day was not held until July of 2013, apparently due to witness availability.

[2]Petitioner testified that those pain medications were Percocet and Lortab.

establishing the required rational nexus between his off-duty misconduct and his ability to carry out his duties as an employee of the Board.

This appeal followed.

In reviewing a circuit court's decision with regard to a public employee's grievance, we have articulated the following standard of review:

> 1. When reviewing the appeal of a public employees' grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge.

> 2. "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed *de novo*." Syl. Pt. 1, *Cahill v. Mercer Cty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

> 3. "A final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C–2–1], *et seq*. [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. Pt. 1, *Randolph Cty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

Syl. Pts. 1, 2, and 3, *Martin v. Barbour Cty. Bd. of Educ.*, 228 W.Va. 238, 719 S.E.2d 406 (2011). With this in mind, we proceed to consider the parties' arguments.

On appeal, petitioner first assigns error to the circuit court's decision to review the "rational nexus" issue under a "de novo" standard of review. Petitioner maintains that the circuit court was bound to review this issue under a "clearly wrong" standard of review because it is a factual question, which is entitled to deference. *See Martin v. Randolph Cty. Bd. of Educ.*, 195 W.Va. 297, 465 S.E.2d 399 (1995) (discussing the "criteria for reversal of the factual findings made at the administrative level, i.e., that they are 'clearly wrong in view of the reliable, probative and substantial evidence on the record as a whole.'" In reviewing the decision of an ALJ following a Level IV grievance hearing, the circuit court should give deference to such findings." (citations omitted)). Despite petitioner's argument that review of this issue requires an "examination of the particular facts of the case," he cites case law regarding a higher court's review of factual findings made at the administrative level. It is clear from the record in this matter that the ALJ did not include its "rational nexus" conclusion in the "Findings of Fact" section of its order. To the contrary, that conclusion was reached in the ALJ's "Discussion" section following a discussion and application of law to fact. As explained above, "[g]rievance rulings involve a combination of both deferential and plenary review . . . . Plenary review is

3

conducted as to the conclusions of law *and application of law to the facts, which are reviewed* de novo." *Id.* at 238, 719 S.E.2d at 406, Syl. Pt. 2, in part (citation omitted) (emphasis added). Following a thorough review of this assignment of error, we find no reversible error in the circuit court's de novo review of the ALJ's application of law to fact.

Petitioner's second and final assignment of error is that the circuit court erred in ruling that a "rational nexus" existed between petitioner's off-duty misconduct and his employment as a bus operator. Petitioner argues that no "rational nexus" exists between a misdemeanor offense of petit larceny occurring while he was not on duty and his operation of a school bus. Further, petitioner argues that he was not terminated due to his prior misconduct, and he claims, without pinpoint citations to the case, that *Rovello v. Lewis County Board of Education* stands for the proposition that an employee's record cannot be considered until a basis for disciplinary action is established. 181 W.Va. 122, 381 S.E.2d 237 (1989). Instead, petitioner compares his case to *Golden v. Board of Education of the County of Harrison*, 169 W.Va. 63, 285 S.E.2d 665 (1982). The grievant in *Golden* was charged with felony shoplifting but ultimately pled nolo contendere to a misdemeanor offense for that incident. In our consideration of that matter, we determined that it would be an unwarranted intrusion on a teacher's right to privacy to discipline a teacher solely on evidence of misconduct occurring outside of the school environment. Therefore, to balance the interests of both parties, we held in Syllabus Point 2 that "[i]n order to dismiss a school board employee for acts performed at a time and place separate from employment, the Board must demonstrate a 'rational nexus' between the conduct performed outside of the job and the duties the employee is to perform." *Id.* at 63, 285 S.E.2d at 666. We also identified in *Golden* two specific tests to determine how the questioned conduct of the employee should be analyzed to see if a dismissal was warranted:

> (1) if the conduct directly affects the performance of the occupational responsibilities of the teacher; or (2) if, without contribution on the part of the school officials, the conduct has become the subject of such notoriety as to significantly and reasonably impair the capability of the particular teacher to discharge the responsibilities of the teaching position.

169 W.Va. at 69, 285 S.E.2d at 669 (citation omitted). The grievant in *Golden* also presented several mitigating factors, which included evidence that she had placed her mother in a nursing home after a vicious mugging and that her daughter was in a vehicular accident shortly before the incident.

In the case sub judice, unlike *Golden*, respondents established that petitioner pled guilty to petit larceny based on the Wal-Mart incident and demonstrated a pattern of insubordinate behavior. Further, unlike the grievant in *Golden* who presented evidence of a positive work history, the evidence in this matter reflects that petitioner had a history of disciplinary action, including falsifying a timesheet, which the circuit court determined was a form of stealing, and driving his school bus across a lawn when he wanted a different parking space. The circuit court found that petitioner's behavior in Wal-Mart exhibited a rational nexus to his ability to perform his responsibilities and formed a pattern of insubordinate behavior. Even under petitioner's broad reading of *Rovello*, petitioner does not assign error to the circuit court's consideration of his prior

4

disciplinary history.[3] Further, in an attempt to mitigate his conduct, petitioner, whose employment centered on his ability to safely drive a school bus, claimed that he drove to and from Wal-Mart on the night of the incident while impaired on pain medication. Given the circumstances of this case, we find no reversible error in the circuit court's order concluding that a "rational nexus" existed between petitioner's actions and his responsibilities of employment, which included not only operating a school bus but maintaining and safeguarding the school's property in conjunction therewith.

For the foregoing reasons, the circuit court's March 10, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** August 31, 2015

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Chief Justice Margaret L. Workman

---

[3]We also note that the termination letter sent to petitioner in June of 2012, which indicated his potential termination, referenced that disciplinary history.